**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANUSSA BRITTON,<br><br>          Plaintiff,<br><br>     v.<br><br>AUDUBON FINANCIAL BUREAU, LLC, and ADAM D. MARCH, individually,<br><br>          Defendants. | )<br>)<br>)<br>)<br>) Case No.:<br>)<br>) COMPLAINT AND DEMAND FOR JURY<br>) TRIAL<br>)<br>) (Unlawful Debt Collection Practices)<br>) |

**COMPLAINT**

ANUSSA BRITTON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AUDUBON FINANCIAL BUREAU, LLC ("AFB") and ADAM D. MARCH ("March"), individually ("Defendants"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendants conduct business and are located in the State of New York, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Sheridan, Wyoming.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Upon information and belief, Audubon Financial Bureau, LLC is a limited liability company with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, NY 14228.

8. Upon information and belief, Adam March is an individual who is a member/manager and/or shareholder or AFB.

9. Upon information and belief, March engaged directly and/or indirectly in the collection of Plaintiff's alleged debt as an owner of AFB.

10. Upon information and belief, March exercised control over the affairs of AFB's debt collection business.

11. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff originating from a credit card account with U.S. Bank.

14. The alleged debt Defendants were seeking to collect arose from transactions, which were primarily for personal, family, or household purposes.

15. As Plaintiff has no business debt, the debt could have only been personal in

- 2 -

nature.

16. Beginning in July 2012, Defendants placed repeated harassing telephone calls to Plaintiff's cellular telephone.

17. Defendants' harassing calls originated from numbers, including, but not limited to, (888) 583-9974 and (877) 764-9809. The undersigned has confirmed that these telephone numbers belong to Defendants.

18. Several of Defendants' debt collectors contacted Plaintiff, including a Michael Kaitano (phonetic).

19. Defendants' collectors contacted Plaintiff anywhere from one (1) to four (4) times per day during this time period.

20. Plaintiff has received phone calls at very inconvenient hours, including prior to 8:00 AM.

21. In their contacts with Plaintiff, Defendants' debt collectors have left her numerous voice messages on her cellular telephone.

22. Defendants' collectors also sent text messages to Plaintiff's cellular telephone, alerting her of Defendants' phone number.

23. Plaintiff informed Defendants that she disputed the alleged debt and requested written notification.

24. When Plaintiff initially disputed the debt, Defendants told her that they would not mail her anything in writing because they needed payment from her "that day."

25. Despite their claim that same day payment of the disputed debt was required by Plaintiff, Defendants sent her a letter on July 12, 2012. See Exhibit A.

26. Upon Plaintiff's dispute of the alleged debt, Defendants' collectors informed Plaintiff that they had a "civil claim" against her and would "take it to their attorneys."

27. Defendants' collectors threatened Plaintiff, advising her that she would "regret" not having paid Defendants once she was served with legal papers.

28. Upon information and belief, Defendants did not have the intent to take any legal action against Plaintiff when they threatened to do so but made the statements with the intent to frighten Plaintiff and coerce her into paying a disputed debt.

29. Further, when contacting Plaintiff on her cellular telephone, upon information and belief, Defendants used an automatic telephone dialing system and/or pre-recorded or artificial voice.

30. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system and/or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

31. Defendants' telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. § 227(b)(1)(A).

32. It is averred that Defendants took the actions described herein with the intent to deceive, harass and intimidate Plaintiff into paying an alleged debt.

**DEFENDANTS VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

33. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communication with a consumer in connection with the collection of any debt at any unusual time or place. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 AM and before 9:00 PM.

34. Defendants violated 1692c(a)(1) of the FDCPA when they contacted Plaintiff as early as 7:30 AM.

- 4 -

**COUNT II**

35. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

36. Defendants violated § 1692d of the FDCPA when they called Plaintiff repeatedly, when they called Plaintiff up to four (4) times in a single day, when they repeatedly left voicemails on Plaintiff's cellular telephone, when they sent text messages to Plaintiff's cellular telephone, when they attempted to collect a debt that Plaintiff did not owe, when they called Plaintiff at inconvenient hours, when they falsely informed Plaintiff that she needed to make them a payment right away, when they falsely informed Plaintiff that they could not send her anything in writing after she disputed the alleged debt, when they threatened to take legal action against Plaintiff after she disputed the debt, without the intent to take such action, and when they engaged in other harassing or abusive conduct.

**COUNT III**

37. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38. Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiff's telephone to ring repeatedly and continuously and engaged Plaintiff in telephone conversation repeatedly and continuously with what could only be the intent to harass or annoy Plaintiff as she had already disputed the alleged debt.

**COUNT IV**

39. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection to the collection of any debt.

40. Defendants violated § 1692e when they misrepresented to Plaintiff that she owed a debt that she did not owe, when they threatened to take legal action against Plaintiff when she disputed the debt, when they did not have the intention to take such action, when they misrepresented to Plaintiff that they would not send her anything in writing but then did so, and when they made other false, deceptive or misleading representations.

**COUNT V**

41. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from misrepresenting that amount, character or status of a debt.

42. Defendants violated § 1692e(2)(A) of the FDCPA when they misrepresented that Plaintiff owed a debt that she did not owe and which she disputed.

**COUNT VI**

43. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

44. Defendants violated § 1692e(5) when they informed Plaintiff that legal action would be taken against without the intent to take such action and when it threatened to withhold written notification to Plaintiff but subsequently sent her written notification of the alleged debt.

**COUNT VII**

45. Section 1692e(10) of the FDCPA prohibits debt collectors from making false or misleading representations, in connection with the collection of a debt.

46. Defendants violated § 1692e(10) when they misrepresented to Plaintiff that she owed a debt that she did not owe, when they threatened to take legal action against Plaintiff when she disputed the debt, when they did not have the intention to take such action, when they misrepresented to Plaintiff that they would not send her anything in writing but then did so, and when they made other false, deceptive or misleading representations.

## COUNT VIII

47. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

48. Defendants violated § 1692f of the FDCPA when they called Plaintiff repeatedly and continuously, when they attempted to collect a debt not owed, when they falsely threatened Plaintiff with legal action when she disputed the debt, when they called Plaintiff at early hours of the day, when they told Plaintiff that they would not send her anything in writing as they needed payment that same day, and when they engaged in other unfair and unconscionable methods of collecting the debt from Plaintiff.

## DEFENDANTS VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT IX

49. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

50. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary

loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

51.  A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor. <u>Watson v. NCO Group Inc.</u>, 462 F.Supp. 2d 641 (E.D. Pa. 2006).

52.  Despite the fact that Plaintiff is a non-debtor who never consented to Defendants making calls to her cellular phone, Defendants repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

53.  The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

54.  Here, Defendants placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

55.  Defendants contacted Plaintiff on her cellular telephone numerous times.

56.  Defendants did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice.

57.  Defendants' conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANUSSA BRITTON, respectfully prays for a judgment as follows:

    a.  All actual damages;

    b.  Statutory damages;

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANUSSA BRITTON, demands a jury trial in this case.

DATED:  July 10, 2013

KIMMEL & SILVERMAN, P.C.
By:  /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 2790038
    Attorney for Plaintiff
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com